## DEFENDANT WEINSTOCK, FRIEDMAN & FRIEDMAN'S APPENDIX OF PROCESS, PLEADINGS, AND ORDERS SERVED IN REMOVED CASE

Pursuant to 28 U.S.C. § 1446(a), listed in the index below and attached are true and legible copies of the process, pleadings, or orders served by or upon Weinstock, Friedman & Friedman in the Superior Court of the District of Columbia, Civil Division, Civil Action No. 15 CA 5376 B.

| Appendix Exhibit | Filed Date | Description |
|---|---|---|
| 1 | 7/17/2015 | Summons, Original Complaint and Related Documents |
| 2 | 7/21/2015 | First Amended Complaint |
| 3 | 2/27/2017 | Second Amended Complaint |
| 4 | 8/24/2015 | Order Granting Consent Motion for Extension of Time to Answer or Otherwise Respond to the Complaint |
| 5 | 8/28/2015 | Order Granting Consent Motion for Extension of Time to Respond to the Motion for Appointment of Examiner |
| 6 | 1/7/2016 | Order Continuing Scheduling Conference |
| 7 | 4/21/2016 | Order Granting Consent Motion to Continue the Initial Scheduling Conference |
| 8 | 6/23/2016 | Order Granting Consent Motion to Continue the Initial Scheduling Conference |
| 9 | 10/21/2016 | Order Granting Consent Motion to Continue the Initial Scheduling Conference |
| 10 | 2/24/2017 | Scheduling Order |
| 11 | 2/27/2017 | Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint |
| 12 | 2/27/2017 | Order Granting Plaintiff's Motion for Appointment of Examiner |
| 13 | 2/27/2017 | Order Denying as Moot Defendant's Motion to Dismiss |

1

# EXHIBIT 1

Filed
D.C. Superior Court
07/20/2015 12:39PM
Clerk of the Court



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

---
Andrela Evans
---
                                            Plaintiff

vs.                                                        Case Number    2015 CA 005376 B

---
Weinstock Friedman & Friedman
---
                                            Defendant

## SUMMONS

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dean Gregory, Esquire                                      *Clerk of the Court*
---
Name of Plaintiff's Attorney

1717 K Street NW, Suite 900
---                                          By _____
Address                                                            Deputy Clerk
Washington, DC 20006

(202) 905-8058                                             Date **07/20/2015**
---
Telephone
如需翻譯,請打電話 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오           የአማርኛ ትርጉም ከፈለጉ ይደውሉ (202) 879-4828 ይደውሉ

---

   IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Andrela Evans
_____
Demandante

contra

Weinstock Friedman & Friedman                    Número de Caso:   2015 CA 005376
_____
Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dean Gregory, Esquire                                    _SECRETARIO DEL TRIBUNAL_
Nombre del abogado del Demandante
1717 K Street NW, Suite 900
                                                          Por: _____
Dirección                                                              Subsecretario
Washington, DC 20006

(202) 905-8058                                            Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      ያማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ANDREIA EVANS
Vs.
WEINSTOCK FRIEDMAN & FRIEDMAN

C.A. No.        2015 CA 005376 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MAURICE ROSS
Date:  July 17, 2015
Initial Conference: 9:00 am, Friday, October 16, 2015
Location:  Courtroom 100
            500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

<div align="right">Chief Judge Lee F. Satterfield</div>

<div align="right">Caio.doc</div>

Filed
D.C. Superior Court
07/17/2015 15:39PM
Clerk of the Court



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Andrela Evans
_____
Plaintiff

vs.                                              Case Number    2015 CA 005376 B

Weinstock Friedman & Friedman
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dean Gregory, Esquire
_____            _Clerk of the Court_
Name of Plaintiff's Attorney

1717 K Street NW, Suite 900
_____          By _____
Address                                                            Deputy Clerk
Washington, DC 20006

(202) 905-8058
_____          Date _____
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                   CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

Andrela Evans

_____
Demandante

contra

Número de Caso: 2015 CA 005376

Weinstock Friedman & Friedman

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dean Gregory, Esquire

_____
Nombre del abogado del Demandante

1717 K Street NW, Suite 900

_____
Dirección
Washington, DC 20006

(202) 905-8058

_____
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                          Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

Filed
D.C. Superior Court
07/15/2015 20:32PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| ANDREIA EVANS<br>21 Q Street NW<br>Washington, DC 20001<br><br>     *Plaintiff,*<br><br>  v.<br><br>WEINSTOCK, FRIEDMAN & FRIEDMAN<br>4 Reservoir Circle<br>2nd Floor<br>Baltimore, MD 21208<br><br>     *Defendant* | ) )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2015 CA 005376 B<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiffs Andreia Evans ("Evans") hereby submits her Complaint against Weinstock

Freidman & Freidman ("WFF") for unlawful debt collection practices in violation of the District

of Columbia Consumer Protection Procedures Act ("CPPA") § 28-3904 *et seq.*, and abuse of

process.

### I.

### JURISDICTION

1.  Jurisdiction of this court is invoked pursuant to Title 11-921(a)(6) and Title 13-

423(a)(2) of the District of Columbia Code (1981 Ed. as amended).

### II.

### PARTIES

2.  Evans is, and at all times mentioned herein was, sui juris adult resident within the

District of Columbia.

1

3.      Evans is a consumer as defined by 15 U.S.C. § 1692a(3) in that the private student loans at issue were incurred for personal, family or household purposes to attend Mississippi State University.

4.      WFF is, and at times mentioned herein was, a professional association with a principal place of business at 4 Reservoir Circle, Suite 200, Gaithersburg, MD 21208.

5.      WFF is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they are primarily engaged in the business of collecting defaulted debts alleged to be owed to another.

### III.

### FACTUAL ALLEGATIONS

6.      WFF, acting on behalf of EduCap, Inc. (EduCap"), filed a debt collection lawsuit on August 31, 2012 against Evans in the District of Columbia Superior Court, Case No. 2012 CA 0007156 with affidavits attached from an EduCap employee—prepared and signed under oath affirming that Evans was not an active member of the military.

7.      WFF sought to collect two (2) private student loans from Evans issued by the lender, Bank of America.

8.      The first Truth in Lending Statement attached to the Complaint shows that on July 25, 2006 a loan in the amount of $4,000 was disbursed to Evans (Account No. 0202). Monthly payments in the amount of $44.10 were due beginning August 23, 2006.

9.      The second Truth in Lending Statement attached to the Complaint shows that on August 9, 2006, a loan in the amount of $2,000 was disbursed to Evans (Account No. 2462). Monthly payments in the amount of $22.05 were due beginning September 7, 2006.

2

10.     For Account No. 0202, Evans's first payment of $44.00 was made on September 18, 2006. Her second and final payment of $46.00 was made on February 1, 2008.

11.     For Account No. 2462, Evans's first payment of $25.00 was made on September 13, 2006. Her next payment of $112.50 was not made until February 24, 2012.

12.     WFF nevertheless did not file the subject lawsuit until August 31, 2012.

13.     WFF's Complaint includes two boilerplate affidavits from Marcus Harrison Maiorca ("Maiorca") who claims under oath that Evans is not "upon my information in the military service of the United States and as such have (sic) no protection under the Soldiers & Sailors Relief Act."

14.     In fact, Evans was on active duty in the military from June 2008 through April 2013 and, therefore, was a service member as defined by the Servicemembers Civil Relief Act ("SCRA")[1]—the same period when the Maiorca affidavit was manufactured and when WFF filed the lawsuit against Evans.

15.     Evans was served with the Complaint on October 3, 2012.

16.     On October 12, 2012, WFF sent a letter to Evans stating "[w]e will refrain from filing suit as long as a suitable payment arrangement can be made."

17.     No signed writings acknowledging or promising to pay the debt were made by Evans.

18.     No signed writings waiving the statute of limitations were made by Evans.

19.     Evans did not engage in any acts "lulling" EduCap or WFF into inaction or from filing a timely lawsuit.

---

[1] 50 U.S.C. app § 511

3

20.     Evans detrimentally relied on WFF's representations that it had filed a meritorious lawsuit, or Edwards would not have retained counsel and incurred substantial attorney's fees and costs defending the underlying action.

21.     WFF's actions are intentional, willful, malicious and in open defiance of consumer protection statutes.

22.     Evans has sustained actual damages, including attorney's fees and costs, as a direct result of WFF's unlawful conduct.

## IV.

### FIRST CLAIM FOR RELIEF

### VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.

23.     Evans repeats, re-alleges and incorporates by reference paragraphs 1-22, inclusive, above, as if fully set forth herein.

24.     WFF violated § 28-3814(c)(3) by attempting coerce payment for the alleged debt by filing suit against Evans after the three-year statute of limitations had expired.

25.     WFF violated D.C. Code § 28-3814(f)(5) by falsely representing the character, extent or amount of the alleged debt by filing suit against Evans after the three-year statute of limitations had expired.

26.     WFF violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the alleged debt by filing suit against Evans after the three-year statute of limitations had expired.

27.     WFF violated D.C. Code § 28-3814(f)(5) by falsely representing the character, extent or amount of the alleged debt in that WFF promised not to sue Evans if "suitable payment arrangements can be made" when in fact a lawsuit has already been filed.

4

28.     WFF violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the alleged debt in that in that WFF promised not to sue Evans if "suitable payment arrangements can be made" when in fact a lawsuit has already been filed.

29.     WFF is liable to Evans for compensatory damages under D.C. Code § 28-3814(j)(1) for their willful violations of law.

30.     WFF is liable to Evans for punitive damages under D.C. Code § 28-3814(j)(2) for their willful violations of law.

V.

### SECOND CLAIM FOR RELIEF

VIOLATIONS OF THE CONSUMER PROTECTION PROCEDURES ACT

DISTRICT OF COLUMBIA CODE § 28-3904 ET SEQ.

31.     Evans repeats, re-alleges and incorporates by reference paragraphs 1-30, inclusive, above, as if fully set forth herein.

32.     WFF violated D.C. Code § 28-3904(e) by submitting materially false affidavits from Maiorca who falsely claims that Evans was not in the military and/or entitled to any protection under the SCRA.

33.     WFF violated D.C. Code § 28-3904(e) by sending its materially false October 12, 2012 letter to Evans promising not file a lawsuit if "suitable payment arrangements can be made" when a lawsuit had already been filed on August 31, 2012.

34.     WFF violated D.C. Code § 28-3904(f) by failing to state its breach of contract lawsuit was barred by the three-year statute of limitations under D.C. Code 12-301(7).

35.     WFF violated D.C. Code § 28-3904(f) by submitting materially false affidavits from Maiorca who failed to state that Evans was in the military and/or was entitled to protection under the SCRA.

36.     WFF is subject to liability for $1,500 per violation under D.C. Code § 28-3905(k)(2)(A).

37.     WFF is subject to liability for Evans's attorney's fees under D.C. Code § 28-3905(k)(2)(B).

38.     WFF is subject to liability for punitive damages under D.C. Code § 28-3905(k)(2)(C).

## VI.

### THIRD CLAIM FOR RELIEF

### ABUSE OF PROCESS

39.     Evans repeats, re-alleges and incorporates by reference paragraphs 1-38, inclusive, above, as if fully set forth herein.

40.     WFF misused the legal process by filing suit against Evans to collect a debt barred by the three-year statute of limitations.

41.     The requisite element of malice or ulterior motive should be inferred from WFF's willful abuse of process.

42.     To the extent such inference fails, malice specifically exists in that WFF acted with a conscious disregard for the rights of Evans in that their ulterior purpose in misusing legal process was to collect (1) the alleged debt (2) earn a percentage of the debt recovered, and (3) obtain an award of attorney's fees and costs of suit despite the statute of limitations.

6

43.   WFF was a substantial factor in causing Evans's damages, and the depravity of WFF's conduct fulfills the requirements for an award of exemplary damages.

## PRAYER FOR RELIEF

Evans respectfully prays that judgment be entered against WFF for the following:

A.   Actual damages;

B.   Statutory damages;

C.   Punitive damages;

D.   Costs of suit and reasonable attorney's fees; and

E.   For such other and further relief as the court may deem proper.

## JURY DEMAND

Evans demands trial by jury.

DATED:  July 16, 2015                    Respectfully submitted,

                                         /s/   Dean Gregory
                                         Dean Gregory (Bar No. 1008846)
                                         **LAW OFFICES OF DEAN GREGORY**
                                         1717 K Street NW
                                         Suite 900
                                         Washington, D.C. 20006
                                         Telephone: (202) 905-8058
                                         Facsimile: (202) 776-0136
                                         E-mail: dean@deangregory.com

                                         *ATTORNEY FOR PLAINTIFF*

7

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

## INFORMATION SHEET

| ANDREIA EVANS | Case Number: | 2015 CA 005376 B |
| --- | --- | --- |

| vs | Date: | July 16, 2015 |
| --- | --- | --- |

| WEINSTOCK FRIEDMAN & FRIEDMAN | ☐ One of the defendants is being sued in their official capacity. |
| --- | --- |

| Name: (Please Print) | Relationship to Lawsuit |
| --- | --- |
| Dean Gregory, Esquire | [X] Attorney for Plaintiff |
| Firm Name: | ☐ Self (Pro Se) |
| LAW OFFICES OF DEAN GREGORY | ☐ Other: |
| Telephone No.:        Six digit Unified Bar No.: | |
| (202) 905-8058                 1009848 | |

TYPE OF CASE: ☐ Non-Jury      ☐ 6 Person Jury      [X] 12 Person Jury

Demand: $ _____              Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar#: _____

NATURE OF SUIT:      (Check One Box Only)

### A. CONTRACTS

| | | COLLECTION CASES |
| --- | --- | --- |
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 Pltf. Grants Consent |
| ☐ 15 Special Education Fees | ☐ 13 Employment Discrimination | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 10 Mortgage Foreclosure/Judicial Sale | | |

### B. PROPERTY TORTS

| | | |
| --- | --- | --- |
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

### C. PERSONAL TORTS

| | | |
| --- | --- | --- |
| [X] 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 12 Malicious Interference | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 23 Tobacco |
| ☐ 08 Fraud | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 T.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [x] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/ Subrogation Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

/s/ Dean Gregory
Attorney's Signature

July 16, 2015
Date

# EXHIBIT 2

Filed
D.C. Superior Court
07/21/2015 16:03PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ANDREIA EVANS                           )
21 Q Street NW                          )
Washington, DC 20001                    )
                                        )
                                        )
       *Plaintiff,*              )
                                        )   Civil Action No. **2015 CA 005376 B**
       v.                      )
                                        )
WEINSTOCK, FRIEDMAN & FRIEDMAN          )
4 Reservoir Circle                      )
2nd Floor                               )
Baltimore,  MD 21208                    )
                                        )
       *Defendant*              )

### 1ˢᵗ AMENDED COMPLAINT

    Plaintiffs Andreia Evans ("Evans") hereby submits her 1ˢᵗ Amended Complaint against

Weinstock Freidman & Freidman ("WFF") for unlawful debt collection practices in violation of

District of Columbia Code § 28-3814 *et seq.*, the District of Columbia Consumer Protection

Procedures Act ("CPPA") § 28-3904 *et seq.*, and abuse of process.

### I.

### JURISDICTION

    1.    Jurisdiction of this court is invoked pursuant to Title 11-921(a)(6) and Title 13-

423(a)(2) of the District of Columbia Code (1981 Ed. as amended).

### II.

### PARTIES

    2.    Evans is, and at all times mentioned herein was, sui juris adult resident within the

District of Columbia.

1



RECEIVED
JUL 2 9 2015

Weinstock, Friedman & Friedman, P.A.

3.    Evans is a consumer as defined by 15 U.S.C. § 1692a(3) in that the private student loans at issue were incurred for personal, family or household purposes to attend Mississippi State University.

4.    WFF is, and at times mentioned herein was, a professional association with a principal place of business at 4 Reservoir Circle, Suite 200, Gaithersburg, MD 21208.

5.    WFF is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they are primarily engaged in the business of collecting defaulted debts alleged to be owed to another.

III.

FACTUAL ALLEGATIONS

6.    WFF, acting on behalf of EduCap, Inc. (EduCap"), filed a debt collection lawsuit on August 31, 2012 against Evans in the District of Columbia Superior Court, Case No. 2012 CA 0007156 with affidavits attached from an EduCap employee—prepared and signed under oath affirming that Evans was not an active member of the military.

7.    WFF sought to collect two (2) private student loans from Evans allegedly issued by EduCap and/or Bank of America.

8.    EduCap claims it was "involved in the extension of credit" to Evans, furnished or made credit available to Evans, and that it took an assignment of her account from Bank America.

9.    The first Truth in Lending Statement attached to the Complaint shows that on July 25, 2006 a loan in the amount of $4,000 was disbursed to Evans (Account No. 0202). Monthly payments in the amount of $44.10 were due beginning August 23, 2006.

2

10.   The second Truth in Lending Statement attached to the Complaint shows that on August 9, 2006, a loan in the amount of $2,000 was disbursed to Evans (Account No. 2462). Monthly payments in the amount of $22.05 were due beginning September 7, 2006.

11.   For Account No. 0202, Evans's first payment of $44.00 was made on September 18, 2006. Her second and final payment of $46.00 was made on February 1, 2008.

12.   For Account No. 2462, Evans's first payment of $25.00 was made on September 13, 2006. Her next payment of $112.50 was not made until February 24, 2012.

13.   WFF nevertheless did not file the subject lawsuit until August 31, 2012.

14.   WFF's Complaint includes two boilerplate affidavits from Marcus Harrison Maiorca ("Maiorca") who claims under oath that Evans is not "upon my information in the military service of the United States and as such have (sic) no protection under the Soldiers & Sailors Relief Act."

15.   In fact, Evans was on active duty in the military from June 2008 through April 2013 and, therefore, was a service member as defined by the Servicemembers Civil Relief Act ("SCRA")[1]—the same period when the Maiorca affidavit was manufactured and when WFF filed the lawsuit against Evans.

16.   Evans was served with the Complaint on October 3, 2012.

17.   On October 12, 2012, WFF sent a letter to Evans stating "[w]e will refrain from filing suit as long as a suitable payment arrangement can be made."

18.   No signed writings acknowledging or promising to pay the debt were made by Evans.

---

[1] 50 U.S.C. app § 511

3

19.    No signed writings waiving the statute of limitations were made by Evans.

20.    Evans did not engage in any acts "lulling" EduCap or WFF into inaction or from filing a timely lawsuit.

21.    Evans detrimentally relied on WFF's representations that it had filed a meritorious lawsuit, or Edwards would not have retained counsel and incurred substantial attorney's fees and costs defending the underlying action.

22.    WFF's actions are intentional, willful, malicious and in open defiance of consumer protection statutes.

23.    Evans has sustained actual damages, including attorney's fees and costs, as a direct result of WFF's unlawful conduct.

## IV.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.

24.    Evans repeats, re-alleges and incorporates by reference paragraphs 1-23, inclusive, above, as if fully set forth herein.

25.    WFF violated § 28-3814(c)(3) by attempting coerce payment for the alleged debt by filing suit against Evans after the three-year statute of limitations had expired.

26.    WFF violated D.C. Code § 28-3814(f)(5) by falsely representing the character, extent or amount of the alleged debt by filing suit against Evans after the three-year statute of limitations had expired.

27.    WFF violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the alleged debt by filing suit against Evans after the three-year statute of limitations had expired.

4

28.    WFF violated D.C. Code § 28-3814(f)(5) by falsely representing the character, extent or amount of the alleged debt in that WFF promised not to sue Evans if "suitable payment arrangements can be made" when in fact a lawsuit has already been filed.

29.    WFF violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the alleged debt in that in that WFF promised not to sue Evans if "suitable payment arrangements can be made" when in fact a lawsuit has already been filed.

30.    WFF is liable to Evans for compensatory damages under D.C. Code § 28-3814(j)(1) for their willful violations of law.

31.    WFF is liable to Evans for punitive damages under D.C. Code § 28-3814(j)(2) for their willful violations of law.

## V.

### SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE CONSUMER PROTECTION PROCEDURES ACT

### DISTRICT OF COLUMBIA CODE § 28-3904 ET SEQ.

31.    Evans repeats, re-alleges and incorporates by reference paragraphs 1-31, inclusive, above, as if fully set forth herein.

32.    WFF violated D.C. Code § 28-3904(e) by submitting materially false affidavits from Maiorca who falsely claims that Evans was not in the military and/or entitled to any protection under the SCRA.

33.    WFF violated D.C. Code § 28-3904(e) by sending its materially false October 12, 2012 letter to Evans promising not file a lawsuit if "suitable payment arrangements can be made" when a lawsuit had already been filed on August 31, 2012.

5

34.    WFF violated D.C. Code § 28-3904(f) by failing to state its breach of contract lawsuit was barred by the three-year statute of limitations under D.C. Code 12-301(7).

35.    WFF violated D.C. Code § 28-3904(f) by submitting materially false affidavits from Maiorca who failed to state that Evans was in the military and/or was entitled to protection under the SCRA.

36.    WFF is subject to liability for $1,500 per violation under D.C. Code § 28-3905(k)(2)(A).

37.    WFF is subject to liability for Evans's attorney's fees under D.C. Code § 28-3905(k)(2)(B).

38.    WFF is subject to liability for punitive damages under D.C. Code § 28-3905(k)(2)(C).

## VI.

### THIRD CLAIM FOR RELIEF

### ABUSE OF PROCESS

39.    Evans repeats, re-alleges and incorporates by reference paragraphs 1-38, inclusive, above, as if fully set forth herein.

40.    WFF misused the legal process by filing suit against Evans to collect a debt barred by the three-year statute of limitations.

41.    The requisite element of malice or ulterior motive should be inferred from WFF's willful abuse of process.

42.    To the extent such inference fails, malice specifically exists in that WFF acted with a conscious disregard for the rights of Evans in that their ulterior purpose in misusing legal

process was to collect (1) the alleged debt (2) earn a percentage of the debt recovered, and (3)

obtain an award of attorney's fees and costs of suit despite the statute of limitations.

43.     WFF was a substantial factor in causing Evans's damages, and the depravity of

WFF's conduct fulfills the requirements for an award of exemplary damages.

<p style="text-align:center"><strong><u>PRAYER FOR RELIEF</u></strong></p>

Evans respectfully prays that judgment be entered against WFF for the following:

A.     Actual damages;

B.     Statutory damages;

C.     Punitive damages;

D.     Costs of suit and reasonable attorney's fees; and

E.     For such other and further relief as the court may deem proper.

<p style="text-align:center"><strong><u>JURY DEMAND</u></strong></p>

Evans demands trial by jury.

DATED:  July 21, 2015                    Respectfully submitted,

/s/   Dean Gregory
Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 905-8058
Facsimile: (202) 776-0136
E-mail: dean@deangregory.com

*ATTORNEY FOR PLAINTIFF*

# EXHIBIT 3

<div align="center">

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

</div>

|  |  |
|---|---|
| ANDREIA EVANS<br><br>　　　　*Plaintiff,*<br><br>　　　　v.<br><br>WEINSTOCK, FRIEDMAN & FRIEDMAN<br><br>　　　　*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. **2015 CA 005376 B**<br>)<br>)<br>) |

<div align="center">

**SECOND AMENDED COMPLAINT**

</div>

Plaintiff Andreia Evans ("Evans") hereby submits her Second Amended Complaint against Weinstock Freidman & Freidman ("Weinstock") for violations of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3902 *et seq.,* District of Columbia Code § 28-3814 *et seq.,* and abuse of process.

<div align="center">

**I.**

**JURISDICTION**

</div>

1.　　　Jurisdiction of this court is invoked pursuant to Title 11-921(a)(6) and Title 13-423(a)(2) of the District of Columbia Code (1981 Ed. as amended).

<div align="center">

**II.**

**PARTIES**

</div>

2.　　　Evans is, and at all times mentioned herein was, sui juris adult resident within the District of Columbia.

3.　　　Weinstock is, and at times mentioned herein was, a professional association with a principal place of business at 10461 Mill Run Circle #550, Owings Mills, MD 21117.

<div align="center">

1

</div>

4.     Weinstock is, and at all times mentioned herein was, a debt collector as defined by District of Columbia Code § 28-3814(b)(3) in that they are primarily engaged in the business of collecting defaulted debts alleged to be owed to another.

5.     Weinstock's letterhead is embossed with the phrase "**This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.**"[1]

### III.

### FACTUAL ALLEGATIONS

6.     Weinstock, Friedman & Friedman, P.A. ("Weinstock") is a debt collection law firm located in Owing Mills, MD retained by EduCap, Inc. ("EduCap") to file suit against Evans. Jeffrey M. Lippman ("Lippman") was an attorney employed at Weinstock representing EduCap in the debt collection action.[2]

7.     The private student loans at issue arise from a consumer credit sale in that the loans were incurred by Evans to attend Mississippi State University. Section 13 of the promissory note provides that the proceeds of the loan were disbursed to pay for "tuition and other reasonable education expenses, including, but not limited to room and board, fees, books, personal computer, supplies and equipment, laboratory expenses, transportation and commuting costs, and other education-related personal expenses of the Student."

8.     The first loan to Evans in the amount of $4,000 was disbursed on July 26, 2006, (Account No. 0202). Monthly payments were due from August 2006 through July 2026. Only two payments were made—in September 2006 and February 2008.

---

[1] Emphasis in original

[2] Case No. 2012 CA 07156 C

2

9.    The second loan to Evans in the amount of $2,000 was disbursed on August 10, 2006 (Account No. 2462). Monthly payments for Account No. 2462 were due from September 2006 through August 2026. Only one payment in the amount of $25 was made between September 2006 and January 2012.

10.    Under Section 12(g) of the note, Evans was required to pay "your reasonable costs of collection, including attorney's fees, to the extent permitted by law" upon default.

11.    Lippman filed a verified complaint against Evans in the District of Columbia Superior Court on August 31, 2012 demanding $10,175.92 in principal, interest, late charges, service charges and court costs for the subject loans.

12.    Weinstock's proof of service states that someone named "Chinedu Omwudiue" was served with the summons and complaint.

13.    Evans is a decorated veteran of the United States Army who honorably served her country from May 17, 2008 through April 1, 2013.

14.    On August 19, 2013—one year after filing suit—EduCap issued a 1.25% "military credit" to Account No. 2462 for $146.85, but the interest rate between May 7, 2008 and January 8, 2009 was 8-9.25%.

15.    EduCap assessed monthly late charges to Account No. 2462 for eight (8) years— October 26, 2006 through July 27, 2014.

16.    On November 20, 2012—three months after filing suit—EduCap issued a 1.25% "military credit" to Account No. 0202 for $273.64, but the interest rate between May 7, 2008 and January 7, 2009 was 8-9%.

17.    EduCap assessed monthly late charges to Account No. 0202 for eight (8) years— September 11, 2006 through August 11, 2014.

3

18.     On October 12, 2012, Lippman sent Evans a letter promising that "[w]e will refrain from filing suit as long as a suitable payment arrangement can be made."

19.     Two months later, a default was entered against Evans.

20.     On January 13, 2013, Lippman moved for an "Entry of Judgment Under Rule 55(b)(1)" against Evans. Lippman requested the court to "[p]lease enter judgment against the Defendant pursuant to Rule 55(b)(1). The affidavit in compliance with Soldiers and Sailors (sic) is attached as required." Lippman's affidavit states:

> I have caused a *careful investigation* to be made to ascertain whether the above named defendant is in the military service of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; or a National Guard member called to active service for more than 30 consecutive days by the President or Secretary of Defense to respond to a national emergency; or a commissioned officer in active service of the Public Health Service or the National Oceanic and Atmospheric Administration.[3]

21. Lippman also checked-the-box next to the following testimony:

> As a result of this investigation ... [Evans] 'is not in any of the above named branches of the military service AND the defendant has not received notice of induction or notice to report for military service .... I have proof of the defendant's military status from the Department of Defense Manpower Data Center, and the certificate of non-military status is attached.
>
> Pursuant to Section 201(b)(4) of the Servicemembers Civil Relief Act (2003) 50 U.S. C. App. § 521(B)(4), I certify and declare under **penalty of perjury** that the information contained above is **true**."[4]

---

[3] Emphasis added

[4] *Id.*

4

22.     No certificate of non-military status is, or could have been, attached to Lippman's request for entry of judgment because Evans was an active-duty servicemember on January 13, 2013.

23.     On March 13, 2013, Lippman filed a "Motion for Judgment Per SCR-Civil 55(b)(2)". For Account No. 0202, Lippman requested $4,320 in principal, "interest through March 5, 2013 at the base rate of 7.25% in the amount of $3,231.09", a "late fee of $351.50", and "court costs". For Account No. 2462, Lippman requested $2,160 in principal, "interest through March 5, 2013 at the base rate of 7.25% in the amount of $1,188.33", and "court costs".

24.     Attached to Lippman's motion is a certification under the penalty of perjury with an "X" checked next to the following testimony: "[Evans] is in one of the above named branches of the military service" with handwriting stating "See attached Military Status Report".

25.     The military status report is dated March 5, 2013—the same day that Lippman filed his motion for judgment—reflecting that Evans was a servicemember as of "Jun-17-2008" and was "still serving" in the "Army active duty".

26.     Between August 31, 2012 through March 18, 2013, during Evan's active-duty military service, Lippman collected or attempted to collect payment for unauthorized interest, fees, and other charges.

| Date | Acct. No. | Principal | Interest | Late Fees | Costs | Total |
|------|-----------|-----------|----------|-----------|-------|-------|
| 08/31/12 | 0202 | $6,698.64 | X | X | X | $10,175.92 |
|          | 2462 | $3,477.28 | X | X | X |            |
| 10/12/12 | 0202 | $4,320 | $3,107.53 | X | X | $7,427.53 |
| 03/05/13 | 0202 | $4,320 | $3,231.09[5] | $351.50 | Unknown | $7,902.59 |
|          | 2462 | $2,160 | $1,188.33 | X | Unknown | $3,348.33 |

---

[5] Interest for both accounts was requested as "pre judgment interest through March 5, 2013 at the base rate of 7.25% …"

27.     Evans has sustained actual damages, including attorney's fees and costs, as a direct result of Weinstock's repeated unlawful conduct.

28.     Weinstock acted in concert with EduCap to engage in the unlawful acts and practices described herein and is jointly, severally and vicariously liable as EduCap's counsel of record under the principle of privity.

29.     While participating in such acts, Weinstock was an agent, alter ego, conspirator, and aider and abettor of EduCap and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of EduCap to benefit EduCap.

IV.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE SERVICEMEMBERS CIVIL RELIEF ACT

### 50 U.S.C. § 3902 ET SEQ.

30.     Evans repeats, re-alleges and incorporates by reference paragraphs 1-29, inclusive, above, as if fully set forth herein.

31.     Weinstock violated 50 U.S.C. § 3931(b)(1)(A) by requesting "Entry of Judgment Under Rule 55(b)(1)" based on Lippman's knowingly false affidavit under the penalty of perjury that Evans "is not in any of the above named branches of the military service AND the defendant has not received notice of induction or notice to report for military service ..." without any facts to support his representations when Evans was an active-duty servicemember.

32.     Weinstock violated 50 U.S.C. § 3931(b)(1)(A) by requesting "Entry of Judgment Under Rule 55(b)(1)" based on Lippman's knowingly false affidavit under the penalty of perjury that "I have proof of the defendant's military status from the Department of Defense Manpower

Data Center, and the certificate of non-military status is attached" when no such proof ever existed.

33.     Weinstock violated 50 U.S.C. § 3931(c) by submitting a knowingly false affidavit under the penalty of perjury from Lippman that Evans was not entitled to protection under the SCRA when Evans was an active-duty servicemember.

34.     Weinstock violated 50 U.S.C. § 3937(a)(1) by assessing and collecting interest in excess of 6% during Evans's active-duty military service that is expressly prohibited by Section 12(g) the note and the SCRA.

35.     Weinstock violated 50 U.S.C. § 3937(a)(1) by assessing and collecting unlawful late charges during Evans's active-duty military service that are expressly prohibited by Section 12(g) of the note and the SCRA.

36.     Weinstock violated 50 U.S.C. § 3937(a)(1) by assessing and collecting $320 in unlawful court costs for Account No. 2462 during Evans's active-duty military service—$150 on February 1, 2012, and $170 on December 4, 2012—that are expressly prohibited by the note and the SCRA.

37.     Weinstock violated 50 U.S.C. § 3937(a)(1) by assessing and collecting $118.50 in court costs and a $15.00 NSF fee for Account No. 0202 during Evans's active-duty military service that are expressly prohibited by Section 12(g) of the note and the SCRA.

38.     Evans has sustained actual damages including but not limited to mental anguish and attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.

39.     Evans repeats, re-alleges and incorporates by reference paragraphs 1-38, inclusive, above, as if fully set forth herein.

40.     Weinstock violated D.C. Code § 28-3814(f)(5) by willfully misrepresenting the character, amount or status of the debt in assessing and collecting interest in excess of 6% during Evans's active-duty military service when such interest was prohibited by Section 12(g) of the note and the SCRA.

41.     Weinstock violated D.C. Code § 28-3814(f)(5) by willfully misrepresenting the character, amount or status of the debt in assessing and collecting unlawful late charges for eight years during Evans's active-duty military service when such charges were prohibited by Section 12(g) of the note and the SCRA.

42.     Weinstock violated D.C. Code § 28-3814(f)(5) by willfully misrepresenting the character, amount or status of the debt in assessing and collecting $320 in unlawful court costs for Account No. 2462 during Evans's active-duty military service—$150 on February 1, 2012, and $170 on December 4, 2012—when such charges were prohibited by Section 12(g) of the note and the SCRA.

43.     Weinstock violated D.C. Code § 28-3814(f)(5) by willfully misrepresenting the character, amount or status of the debt in assessing and collecting $118.50 in unlawful court costs and a $15.00 NSF fee for Account No. 0202 during Evans's active-duty military service when such charges were prohibited by Section 12(g) of the note and the SCRA.

44.    Weinstock violated D.C. Code § 28-3814(f)(8) by willfully adding unlawful interest in excess of 6% during Evans's active-duty military service when such interest was prohibited by Section 12(g) of the note the SCRA.

45.    Weinstock violated D.C. Code § 28-3814(f)(8) by willfully adding unlawful late charges for eight years during Evans's active-duty military service when such charges were prohibited by Section 12(g) of the note and the SCRA.

46.    Weinstock violated D.C. Code § 28-3814(f)(8) by willfully adding $320 in unlawful court costs for Account No. 2462 during Evans's active-duty military service—$150 on February 1, 2012, and $170 on December 4, 2012—when such charges were prohibited by Section 12(g) of the note and the SCRA.

47.    Weinstock violated D.C. Code § 28-3814(g)(4) by willfully collecting or attempting to collect interest in excess of 6% during Evans's active-duty military service that is expressly prohibited by Section 12(g) the note and the SCRA.

48.    Weinstock violated D.C. Code § 28-3814(g)(4) by willfully collecting or attempting to collect unlawful late charges during Evans's active-duty military service that are expressly prohibited by Section 12(g) of the note and the SCRA.

49.    Weinstock violated D.C. Code § 28-3814(g)(4) by willfully collecting or attempting to collect unlawful court costs for Account No. 2462 during Evans's active-duty military service—$150 on February 1, 2012, and $170 on December 4, 2012—that are expressly prohibited by Section 12(g) of the note and the SCRA.

50.    Weinstock violated D.C. Code § 28-3814(g)(4) by willfully collecting or attempting to collect $118.50 in unlawful court costs and a $15.00 NSF fee for Account No.

0202 during Evans's active-duty military service that are expressly prohibited by Section 12(g) of the note and the SCRA.

51.     Weinstock violated D.C. Code § 28-3814(g)(4) by willfully moving the court for "Entry of Judgment Under Rule 55(b)(1)" against Evans based on Lippman's false affidavit under the penalty of perjury that "[Evans] is not in any of the above named branches of the military service AND the defendant has not received notice of induction or notice to report for military service …."

52.     Weinstock violated D.C. Code § 28-3814(g)(4) by willfully moving the court for "Entry of Judgment Under Rule 55(b)(1)" against Evans based on Lippman's false affidavit under the penalty of perjury that "I have proof of the defendant's military status from the Department of Defense Manpower Data Center, and the certificate of non-military status is attached" when no such proof ever existed.

53.     Weinstock violated D.C. Code § 28-3814(g)(4) by submitting a false affidavit under the penalty of perjury from Lippman claiming that Evans was not entitled to protection under the SCRA when Evans was on active duty in the military.

54.     Weinstock violated D.C. Code § 28-3814(g)(4) by willfully promising not to sue Evans if "suitable payment arrangements can be made" when Lippman had already filed the lawsuit two months earlier.

55.     Weinstock is liable to Evans for compensatory damages under D.C. Code § 28-3814(j)(1) for their willful violations of law.

56.     Weinstock is liable to Evans for punitive damages under D.C. Code § 28-3814(j)(2) for their willful violations of law.

## THIRD CLAIM FOR RELIEF

### ABUSE OF PROCESS

57.     Evans repeats, re-alleges and incorporates by reference paragraphs 1-56, inclusive, above, as if fully set forth herein.

58.     Weinstock misused the legal process by filing suit against Evans to coerce payment of interest in excess of 6% during Evans's active-duty military service when such charges were prohibited by Section 12(g) of the note and the SCRA.

59.     Weinstock misused the legal process by filing suit against Evans to coerce payment of unlawful late charges when such charges were prohibited by Section 12(g) of the note and the SCRA.

60.     Weinstock misused the legal process by filing suit against Evans to coerce payment of court costs for Account No. 2462—$150 on February 1, 2012, and $170 on December 4, 2012—when such charges were expressly prohibited by Section 12(g) of the note and the SCRA.

61.     Weinstock misused the legal process by filing suit against Evans to coerce payment of $118.50 in unlawful court costs and a $15.00 NSF fee for Account No. 0202 when such charges were expressly prohibited by Section 12(g) of the note and the SCRA.

62.     The requisite element of malice or ulterior motive should be inferred from Weinstock's willful abuse of process. To the extent such inference fails, malice specifically exists in that Weinstock acted with a conscious disregard for the rights of Evans in that their ulterior purpose in misusing legal process was to collect unlawful interest, fees, and court costs when such charges were expressly prohibited by Section 12(g) of the note and the SCRA.

63.    Malice further exists in that Weinstock acted with a conscious disregard for the rights of Evans in that their ulterior purpose was to obtain an unlawful default judgment based on Lippman's false certification under the penalty of perjury of Evans's purported non-military status. Weinstock achieved its unlawful purpose when default was entered against Evans on December 26, 2012.

64.    Weinstock was a substantial factor in causing Evans's damages, and the depravity of Weinstock's conduct fulfills the requirements for an award of exemplary damages.

### PRAYER FOR RELIEF

Evans respectfully prays that judgment be entered against Weinstock for the following:

A.    Actual damages;

B.    Statutory damages;

C.    Punitive damages; and

D.    Costs of suit and reasonable attorney's fees

### JURY DEMAND

Evans demands trial by jury.

DATED:  December 24, 2016                     Respectfully submitted,

/s/   *Dean Gregory*
Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 905-8058
Facsimile: (202) 776-0136
E-mail: dean@deangregory.com

*ATTORNEY FOR PLAINTIFF*

12

# EXHIBIT 4

Filed
D.C. Superior Court
08/24/2015 12:00PM
Clerk of the Court

### SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
#### Civil Division

ANDREIA EVANS                                    )
                                                 )
            Plaintiff,                           )        Case No. 2015 CA 005376 B
                                                 )        Judge Maurice Ross
      v.                                         )        Next Event:
                                                 )            Scheduling Conference
WEINSTOCK, FRIEDMAN &                            )            October 16, 2015
FRIEDMAN, P.A.,                                  )
                                                 )
            Defendant.                           )
                                                 )

## ORDER

    Having reviewed the consent motion for an extension of time to answer or otherwise respond to the complaint filed by defendant Weinstock, Friedman & Friedman, P.A., it is hereby

    ORDERED that the Consent Motion is **Granted**; and it is further

    ORDERED that defendant must answer or otherwise respond to the complaint on or before September 11, 2015.

Dated:   August 24, 2015

_Maurice A. Ross_
_____
Judge Maurice A. Ross

# EXHIBIT 5

Filed
D.C. Superior Court
08/28/2015 12:20PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| ANDREIA EVANS | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 2015 CA 005376 B** |
| | ) | **Judge Maurice Ross** |
| v. | ) | **Next Event:** |
| | ) | **Scheduling Conference** |
| WEINSTOCK, FRIEDMAN & | ) | **October 16, 2015** |
| FRIEDMAN, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Having reviewed the Consent Motion for an Extension of Time to Respond to the Motion for Appointment of Examiner filed by defendant Weinstock, Friedman & Friedman, P.A., it is hereby

ORDERED that the Consent Motion is **Granted**; and it is further

ORDERED that defendant must respond to the Motion for Appointment of Examiner on or before September 24, 2015.

Dated:   August 28, 2015

*Maurice A. Ross*
_____
Judge Maurice A. Ross

# EXHIBIT 6

Filed
D.C. Superior Court
01/07/2016 10:10AM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |
|---|---|
| ANDREIA EVANS ) | |
| ) | |
| Plaintiff, ) | Case No. 2015 CA 005376 B |
| ) | Judge Maurice Ross |
| v. ) | |
| ) | |
| WEINSTOCK, FRIEDMAN & ) | |
| FRIEDMAN, P.A., ) | |
| ) | |
| Defendant. ) | |

## ORDER CONTINUING SCHEUDLING CONFERENCE

This matter comes before the Court *sua sponte* for the purpose of continuing the

Scheduling Conference in the above referenced case with the consent of all parties.  Accordingly,

it is this 7th day of January 2016, hereby

**ORDERED**, that the Scheduling Conference set on January 8, 2016 is continued until

**Friday, April 22, 2016, at 9:00 A.M.** before Judge Ross in Courtroom 100.

**IT IS SO ORDERED**.

Maurice A. Ross

Judge Maurice A. Ross

# EXHIBIT 7

Filed
D.C. Superior Court
04/21/2016 11:30AM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **ANDREIA EVANS** )<br><br>Plaintiff, )<br><br>v. )<br><br>**WEINSTOCK, FRIEDMAN &**<br>**FRIEDMAN, P.A.,** )<br><br>Defendant. ) | Case No. 2015 CA 005376 B<br>**Judge Maurice Ross**<br>Next Event:<br>    **Scheduling Conference**<br>    **April 22, 2016** |

### ORDER

UPON CONSIDERATION of Parties' Consent Motion to Continue Initial Scheduling Conference on April 22, 2016, and for good cause shown, it is this 21st day of April 2016, hereby

ORDERED, that the Consent Motion is **Granted**; and it is further

ORDERED, that the Initial Scheduling Conference on April 22, 2016, is hereby continued; and it is further

ORDERED, that the Initial Scheduling Conference is re-set for **June 24, 2016 at 9:00 A.M.** in Courtroom 100.

IT IS SO ORDERED.

_Maurice A. Ross_
_____
Judge Maurice A. Ross

# EXHIBIT 8

Filed
D.C. Superior Court
06/23/2016 14:50PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANDREIA EVANS,          )
          )
      Plaintiff,     )    Civil Action No. 2015 CA 5376 B
          )    Judge Ross – Calendar 6
  v.         )
          )
WEINSTOCK FRIEDMAN &amp;   )
FRIEDMAN,        )
          )
      Defendant.    )

## ORDER

THIS MATTER came on to be heard on the parties' Consent Motion to Continue the Initial Scheduling Conference on June 24, 2016, and the Court having carefully considered the parties moving papers, it is hereby:

ORDERED AND ADJUDGED that the Initial Scheduling Conference on June 24, 2016, is hereby VACATED.

IT IS FURTHER ORDERED AND ADJUDGED that the Initial Scheduling Conference is continued to **October 21, 2016 at 9:30 A.M.**

IT IS SO ORDERED this **23rd** day of June 2016.

Maurice A. Ross
_____
Judge Maurice A. Ross

# EXHIBIT 9

Filed
D.C. Superior Court
10/21/2016 13:30PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANDREIA EVANS,                    )
                                  )
          *Plaintiff*             )
                                  )     Civil Action No. **2015 CA 005376 B**
     v.                           )     Hon. Maurice Ross
                                  )     Calendar 6
WEINSTOCK FRIEDMAN & FRIEDMAN,    )
                                  )
          *Defendants*            )

### ORDER

Upon consideration of the parties' Consent Motion to Continue the Initial Scheduling

Conference on October 21, 2016, it is hereby

ORDERED AND ADJUDGED that the Initial Scheduling Conference on October 21,

2016, is hereby vacated.

IT IS FURTHER ORDERED AND ADJUDGED that the Initial Scheduling Conference

is hereby continued to February 24, 2017 at 9:30 A.M.

IT IS SO ORDERED this **20th** day of October 2016.

_Maurice A. Ross_
_____
Judge Maurice A. Ross

# EXHIBIT 10



# Superior Court of the District of Columbia
## Civil Division -- Washington, D.C. 20001



FILED
IN OPEN COURT
FEB 2 4 2017
Superior Court
of the District of Columbia
Washington, D.C.

### SCHEDULING ORDER

Case Number: <u>2015 CA 005376 B</u>

### <u>ANDREIA EVANS Vs. WEINSTOCK FRIEDMAN & FRIEDMAN</u>

     This Order may not be modified except by leave of Court upon a showing of good cause. Stipulations by counsel will not be effective to change any deadlines in the Order without court approval. Failure to comply with this Order and the deadlines set forth herein may result in dismissal, default judgment, refusal to let witnesses testify, refusal to admit exhibits, the assessment of costs and expenses, including attorney's fees, or other sanctions.

February 24, 2017
_____

Date:                                                             JUDGE NEAL E KRAVITZ

---

ADR Selected:  Mediation ☒          Case Evaluation ☐

---

### <u>Track 2 - Mediation</u>

#### <u>PRETRIAL DEADLINES</u>

| | |
|---|---|
| **EXCHANGE LISTS OF FACT WITNESSES** | 04/25/2017 |
| **PROPONENT'S RULE 26(a)(2)(B) REPORT** | 05/02/2017 |
| **OPPONENT'S RULE 26(a)(2)(B) REPORT** | 05/25/2017 |
| **DISCOVERY REQUESTS** | 06/08/2017 |
| **CLOSE OF DISCOVERY**[1] | 07/10/2017 |
| **FILING MOTIONS**[2] | 07/24/2017 |
| **DISPOSITIVE MOTIONS DECIDED** | 08/22/2017 |
| **ADR  (MEDIATION/CASE EVALUATION)** | 09/06/2017-10/06/2017 |
| **PRETRIAL DATE**[3] | **(TO BE SET UPON COMPLETION OF ADR)** |

[1] No motion relating to discovery and no deposition or other discovery may be had after this date, except by leave of court. Notices of deposition must be served not less than 5 days before the date scheduled for the deposition, and no deposition may be noticed to take place after the close of discovery date.

[2] This deadline does not apply (1) to motions relating to discovery, which must be filed by the close of discovery, or (2) to motions in limine, motions to bifurcate, or any other motion respecting the conduct of the trial, which must be filed at least 3 weeks prior to the pretrial conference.

[3] A Joint Pretrial Statement is required unless otherwise ordered by the Court.



# Superior Court of the District of Columbia
Civil Division -- Washington, D.C.  20001

## SCHEDULING ORDER

Case Number: <u>**2015 CA 005376 B**</u>

## <u>ANDREIA EVANS Vs. WEINSTOCK FRIEDMAN & FRIEDMAN</u>

| <u>PARTY</u> | <u>NAME  /      ADDRESS     / BAR NUMBER</u> |
|---|---|

<u>Plaintiff</u>    ANDREIA EVANS  21 Q Street NW   WASHINGTON  DC 20001
DEAN GREGORY  Law Offices of Dean Gregory 1717 K Street NW, Suite 900   WASHINGTON  DC
20006    **1008846**

<u>Defendant</u>    WEINSTOCK FRIEDMAN & FRIEDMAN   700 11th Street NW   WASHINGTONDC 20001
Mr DAVID M ROSS JR    Wilson Elser Moskowitz Edelman & Dicker, LLP 700 11th Street, NW, Suite
400   WASHINGTON  DC 20001   **461733**

# EXHIBIT 11

Filed
D.C. Superior Court
02/27/2017 14:21PM
Clerk of the Court

<div align="center">

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

</div>

| | |
|---|---|
| ANDREIA EVANS, )<br>      **Plaintiff** )<br>            )<br>     **v.**           )<br>            )<br> WEINSTOCK, FRIEDMAN & FRIEDMAN, )<br>      **Defendant** )| **Case No. 15 CA 5376 B**<br><br>**Judge Neal E. Kravitz** |

<div align="center">

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT**

</div>

The plaintiff has filed a motion for leave to file a second amended complaint that would allege additional facts and a new claim under the Servicemembers Civil Relief Act. The defendant has filed an opposition to the motion, and the plaintiff has filed a reply.

Rule 15(a) of the Superior Court Rules of Civil Procedure provides that leave to file an amended complaint "shall be freely given when justice so requires." The Court of Appeals has emphasized that Rule 15(a) is to be applied liberally to ensure that cases are "decided upon the merits rather than upon technical pleading rules." *See Killingham v. Wilshire Invs. Corp.*, 739 A.2d 804, 807 (D.C. 1999) (quoting *International Tours & Travel, Inc. v. Khalil*, 491 A.2d 1149, 1152 (D.C. 1985)); *see also Pellerin v. 1915 16th Street, N.W., Cooperative Association, Inc.*, 900 A.2d 683 (D.C. 2006) (noting "this jurisdiction's well-established policy favoring resolution of cases on the merits"). Leave to amend should not be granted automatically, however, and a trial judge deciding whether to allow a party to file an amended pleading must consider several factors, including (1) the number of previous requests to amend, (2) the length of time the case has been pending, (3) the existence of bad faith or dilatory reasons for the request, (4) the merit of the proffered amended pleading, and (5) any prejudice to the non-moving party. *National*

*Association of Postmasters of the United States v. Hyatt Regency Washington*, 894 A.2d 471, 477

(D.C. 2006) (citing *Pannell v. District of Columbia*, 829 A.2d 474, 477 (D.C. 2003)).

The court concludes, in its discretion, that the motion should be granted. This is only the plaintiff's second request for leave to amend the complaint, and the case, although pending since July 2015, is in its early stages, having been effectively stayed for an extended period while the court and parties awaited a ruling in a related case. Moreover, there is no evidence of bad faith or dilatory behavior on the plaintiff's part, and the defendant has not established any prejudice to its ability to defend the claims on the merits. Finally, although the court is well aware of the defendant's contention that the judge's ruling in the other case renders the Servicemembers Civil Relief Act claim futile, the court believes the validity of the new claim is best tested on the merits after full briefing rather than in the context of a Rule 15(a) analysis.

Accordingly, it is this 27th day of February 2017

**ORDERED** that the motion is **granted**. It is further

**ORDERED** that the second amended complaint appended to the plaintiff's motion is accepted for filing as of the date of this order. It is further

**ORDERED** that the defendant has until March 20, 2017 to file an answer or other response to the second amended complaint.

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

Copies to:

Dean Gregory, Esq.
David M. Ross, Esq.
Kevin P. Farrell, Esq.
*Via CaseFileXpress*

2

# EXHIBIT 12

Filed
D.C. Superior Court
02/27/2017 14:22PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| ANDREIA EVANS,<br>Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 15 CA 5376 B<br><br>Judge Neal E. Kravitz |
| WEINSTOCK, FRIEDMAN & FRIEDMAN,<br>Defendant | ) ) ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXAMINER

The plaintiff has filed a motion for leave to conduct a discovery deposition of Jeffrey M. Lippman outside the District of Columbia. *See* Super. Ct. Civ. R. 28-I. The plaintiff contends that testimony elicited at the deposition will establish that Mr. Lippman, formerly a lawyer at the defendant law firm, made materially false representations to the court and plaintiff in collecting the student loans related to the case.

The defendant has filed a response to the motion. The defendant contends that the plaintiff's claims are baseless but states that it does not otherwise object to the appointment of an examiner to depose Mr. Lippman outside the District of Columbia.

It is this 27th day of February 2017

**ORDERED** that the motion is **granted**. It is further

**ORDERED** that the plaintiff has leave to conduct a discovery deposition of Jeffrey M. Lippman outside the District of Columbia, with the proviso that the deposition may not occur until the defendant has filed an answer to the second amended complaint or, in the event the defendant files a motion to dismiss the second amended complaint, the court has ruled on the motion. The plaintiff's counsel may serve as examiner at the deposition.

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

# EXHIBIT 13

Filed
D.C. Superior Court
02/27/2017 14:24PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

|  |  |
|---|---|
| ANDREIA EVANS,<br>     **Plaintiff** | )<br>)<br>)    **Case No. 15 CA 5376 B** |
| **v.** | )<br>) |
| WEINSTOCK, FRIEDMAN & FRIEDMAN,<br>     **Defendant** | )    **Judge Neal E. Kravitz**<br>)<br>) |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The defendant has filed a motion to dismiss the complaint for failure to state a claim on which relief can be granted. *See* Super. Ct. Civ. R. 12(b)(6). The defendant contends that all of the claims in the complaint fail as a matter of law at the pleading stage. The plaintiff has filed an opposition to the motion, and the defendant has filed a reply.

All of the papers relating to this motion were filed in September 2015. The case was then effectively stayed while the court and parties awaited a ruling in a related case.

The stay has been lifted, and, in an accompanying order, the court has granted the plaintiff's motion for leave to file a second amended complaint. The filing of the second amended complaint renders the initial complaint and the first amended complaint nullities, and it makes the defendant's motion to dismiss moot. *See Wultz v. Islamic Republic of Iran*, No. 1:08-cv-1460-RCL, 2009 U.S. Dist. Lexis 116570, *2 (D.D.C. 2009) ("By filing an amended complaint, the plaintiffs rendered their original complaint a nullity. . . . A motion to dismiss a complaint that has been subsequently amended is therefore moot."); *P&V Enters. v. United States Army Corps of Eng'rs*, 466 F. Supp. 2d 134, 136 (D.D.C. 2006) (same); *Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003) (same); *see generally* 6 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND

PROCEDURE § 1476 (3d ed. 2010) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").

Accordingly, it is this 27th day of February 2017

**ORDERED** that the motion is **denied** as moot.

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

Copies to:

Dean Gregory, Esq.
David M. Ross, Esq.
Kevin P. Farrell, Esq.
*Via CaseFileXpress*

2